**FENSHE LIU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–73047.**

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2013.*

Filed June 5, 2013.

Thomas J. Tarigo, Esquire, Law Offices of Thomas J. Tarigo, Los Angeles, CA, for Petitioner.

Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, and GOULD and N.R. SMITH, Circuit Judges.

MEMORANDUM **

The record supports the IJ's adverse credibility finding regarding forced sterilization, because Liu did not offer a "reasonable and plausible explanation" for his omission of a material claim of persecution. *Rizk v. Holder,* 629 F.3d 1083, 1088 (9th Cir.2011) (internal quotation marks omit-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ted); *accord Kin v. Holder,* 595 F.3d 1050, 1056–57 (9th Cir.2010).

The record also supports the IJ's adverse credibility finding regarding his relationship with the Falun Gong, because he could not provide an adequate explanation for the reason that his household registration card indicated that he is a grain farmer rather than an owner of a construction business. *See Rizk,* 629 F.3d at 1088. However, even if we were to assume credibility on this issue, the record supports the IJ's conclusion that Liu did not establish an objectively reasonable fear of future persecution.

Because Liu did not adequately brief either his withholding of removal or CAT claims, these claims are waived. *See Kildare v. Saenz,* 325 F.3d 1078, 1085 n. 3 (9th Cir.2003).

**PETITION DENIED.**